**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3078
_____

MARCEL GREEN; BRIANA BANKS; S. G.

v.

IRVINGTON POLICE DEPARTMENT; DET BRECHNER JEANNOT; JOHN DOES 1-100;
DET MITCHELL MOLINA; DET JENKINS

MARCEL GREEN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:19-cv-20239)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed August 8, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Marcel Green appeals from the District Court's grant of summary judgment for defendants on his civil rights claims. For the reasons that follow, we will affirm the District Court's judgment.

## I.

In February 2016, Green's apartment was searched pursuant to a state court warrant. Officers found dozens of bottles of prescription drugs and signed prescriptions for various individuals. Detectives consulted with the prescribing doctor on several of the prescriptions, who stated that he had never signed the prescriptions. Green was arrested, but the charges were dismissed in April 2018 after there was a complication with testing the pills that the police found.

Detectives continued to investigate Green, and in December 2018, he was arrested again. In November 2019, Green pleaded guilty to one count of possession of a prescription legend drug in violation of N.J. Stat. Ann. § 2C:35-10.5(e)(1). This conviction has not been invalidated.

Green initiated a civil rights action pursuant to 42 U.S.C. § 1983 in the District Court, bringing claims stemming from his arrests. After discovery was complete, the District Court granted summary judgment in favor of defendants. Green timely appealed.[1]

---

[1] Green sought reconsideration after the District Court's summary judgment decision, but he does not discuss the District Court's denial of reconsideration in his opening brief. Green also does not discuss the claims he sought to bring on behalf of his daughters. He has thus forfeited these issues and we do not address them. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III.

We agree with the District Court's grant of summary judgment for defendants. Green's claims based on his 2016 arrest were time-barred. "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In New Jersey, § 1983 claims are subject to the two-year statute of limitations for personal injury actions. Id.; see also N.J. Stat. Ann. § 2A:14-2.

The District Court appropriately concluded that Green's claims regarding his first arrest accrued in February 2016. See Kach v. Hose, 589 F.3d 626, 634-35 (3d Cir. 2009) ("Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based.") (citation and internal quotation marks omitted). Green filed his federal complaint over three years later, in November 2019, which was too late. He does not

address this issue in his opening brief, arguing instead that his 2016 search warrant was altered.  He does not explain how that affects the timeliness of his claims.

Green also raised a false arrest claim under the Fourth Amendment stemming from his 2018 arrest.  He had to show that "the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).  Green argues that there was no basis for his arrest because he lawfully possessed the drugs that police found. However, Green was charged with multiple offenses and ultimately pleaded guilty to one charge — possession of a prescription legend drug in violation of New Jersey law. Establishing probable cause on just one of multiple charges will defeat a claim of false arrest.  See Startzell v. City of Phila., 533 F.3d 183, 204 n.14 (3d Cir. 2008).  Summary judgment was thus appropriately granted for defendants on this claim.[2]

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] Green does not address any other claims in his opening brief and has thus forfeited them.  See Wettach, 811 F.3d at 115.  To the extent that Green discusses any additional claims or other issues for the first time in his reply brief, we do not consider them.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

[3] We grant Appellees' motion to file a supplemental appendix with additional documents that were part of the District Court record.